CARL CERVI, ET AL., PLAINTIFFS, v. CHARLES GOLD-
SMITH, ET AL., DEFENDANTS.

Superior Court of New Jersey
Law Division

Decided May 8, 1952.

*Mr. Benedict E. Lucchi,* attorney for the plaintiffs.

*Mr. Frank J. Dougherty,* attorney for the defendants.

PALESE, J. C. C. This matter is before the court upon motion for an order dismissing the complaint on the ground that the infant defendant was not properly served with process.

While the facts are not in dispute, a brief resume thereof will suffice for present purposes. Suit in this matter was instituted on September 7, 1951. There are two defendants, the father and his minor son, the son being 17 years of age at the time of the commencement of the suit. A copy of the summons and complaint was left with the infant defendant's father at his usual place of abode. A copy, however, was not served personally upon the infant defendant as required by *Rule* 3:4-4(b).

On October 12, 1951, the defendants not having answered the complaint, the attorney for plaintiffs requested the clerk to enter a default against both defendants.

Subsequently, the attorney representing the defendants applied for an order appointing a guardian *ad litem* for the infant defendant. This order was entered and thereafter an answer was filed on behalf of both defendants.

On January 11, 1952, a pretrial conference was had wherein the infant defendant for the first time reserved the right to object to the insufficiency of process. In the pretrial order it was ordered that unless some affirmative action was taken by the defendant by January 18, 1952, to avail himself of the defense, the action would proceed as though he had been properly served.

On February 7, 1952, the date set for trial, the parties had reached a settlement figure. Since one of the plaintiffs was a minor, a jury was sworn to determine whether the amount to be awarded him was proper. The jury could not agree and was discharged.

Subsequently, on February 28, 1952, the infant defendant filed the present motion, this being the only time the minor defendant has attempted to avail himself of the defense heretofore described.

The only issue presented in this motion is whether under the circumstances of this case, the infant defendant can avail himself of the defense of insufficient process.

Under *Rule* 3:4–4(*b*) of the rules relating to the Superior Court, service of process must be made upon the father, mother or guardian of the infant's person, and if the infant be 14 years of age or over, also upon the infant. Concededly, the latter portion of this rule was not complied with. There is no indication in the record, however, that anyone was at that time aware of the fact of defendant's infancy.

While there is authority for the proposition that an infant is not within the jurisdiction of the court under circumstances similar to those *sub judice*, 27 *Am. Jur., sec.* 140; 1 *A. L. R.* 922; 164 *A. L. R.* 529, the rule in this State seems settled by the case of *Bunting v. Bunting*, 87 *N. J. Eq.* 20, 99 *A.* 840 (*Ch.* 1917), the decision of which is directly applicable to the present controversy.

In the *Bunting* case, *supra*, a guardian *ad litem* was appointed for a minor who had not been personally served. Later the defendant sought to set aside the decree *pro confesso* on the ground that the service of process was insufficient. The decree was vacated for the purpose of taking proofs but nevertheless it was held that the infant defendant was properly in court. The court stated as follows:

"It is the duty of the court to protect the interest of an infant party to litigation, and to exercise a general supervision over the conduct of the next friend or guardian *ad litem*. 22 *Cyc.* 531. * * *

I am of opinion that, when the court appoints a guardian *ad litem* for an infant defendant, upon proceedings for that appointment which are in and of themselves regular, the infant is then in court and under its protection, although he is not regularly in court under initial process; * * *."

The court further stated:

"* * * had the abortive attempt to bring in the infant defendant been noticed before the guardian was appointed, that appointment would not have been made, but having been made, and the infant's appearance having been entered by her guardian, and an answer

having been put in for her by him, she, being a party to the proceeding, is now before the court and with opportunity afforded her to make defense by guardian and counsel of the court's selection. More she could not have, no matter what the form of the proceedings."

This case is dispositive of the issue under consideration. The minor defendant had a guardian *ad litem* appointed under the proceedings, the regularity of which are unchallenged. The defendant did not take any steps pursuant to the pretrial order to assert the insufficiency of process.

Since the minor defendant is represented by guardian *ad litem* it is felt that the protection of the minor's interest is adequately assured. Therefore it is determined that the infant is now properly in court and the motion to dismiss the complaint will be denied. If counsel for plaintiffs will prepare an order in conformity with this opinion I shall sign same.